UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAWRENCE FRUMUSA,

                        Appellant,

                                                          DECISION AND ORDER

                                                              10-CV-6248L

                        v.

BOYLAN BROWN CODE VIGDOR
& WILSON LLP,
KATHLEEN SCHMITT, Assistant U.S. Trustee,
LEE E. WOODWARD, Trustee,

                        Appellees.
_____

       Plaintiff, appearing *pro se*, appeals from a decision by the United States Bankruptcy Court (Ninfo, J.), dated May 1, 2010, which granted motions by certain creditors to examine plaintiff in connection with his pending Chapter 13 bankruptcy proceeding. (Dkt. #1-2).

       Plaintiff filed a notice of appeal on May 6, 2010 (Dkt. #1), and was ordered to file and serve his brief on or before June 22, 2011 (Dkt. #2). To date, plaintiff has not filed a brief or moved to extend his time to do so.

       It is well settled that federal courts are vested with the authority to dismiss a bankruptcy appellant's claims for failure to prosecute, *sua sponte*. *See e.g.*, *Bristol v. Ackerman*, 2010 U.S. Dist. LEXIS 27647 (E.D.N.Y. 2010); *Babcock v. Philp*, 2008 U.S. Dist. LEXIS 88329 (E.D.N.Y. 2008). Failure to file a timely brief has been held to be inexcusable, where the appellant provides no explanation for the failure after several months. *See e.g.*, *Balaber-Strauss v. Reichard*, 835 F.2d 54, 55 (2d Cir. 1987); *Bristol*, 2010 U.S. Dist. LEXIS 27647 at *6; *Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435, 438 (S.D.N.Y. 1989).

Appellant here has failed to file a brief since it was due eight months ago, or to take any action with respect to his pending appeal since the Notice of Appeal was filed more than two years ago. He has failed to provide the Court with any explanation for his delay to file a brief, and I find it to be inexcusable under the circumstances, notwithstanding plaintiff's *pro se* status. *See Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (*pro se* plaintiffs are required to inform themselves of relevant procedural rules, and to comply with them). Plaintiff was clearly on notice of the need to comply with the applicable procedural rules and filing deadlines, having had several previous Bankruptcy Court appeals in this Court dismissed for similar failings. *See e.g.*, *Frumusa v. Woodward,* 90-CV-6439 (dismissed December 16, 2009); *Frumusa v. Frumusa*, 10-CV-6043 (dismissed April 8, 2010); *Frumusa v. Boylan Brown*, 10-CV-6065 (dismissed March 23, 2010). The Court has considered whether lesser sanctions would be appropriate, and concludes that given the length of plaintiff's extreme delay and his apparent indifference to the prosecution of the instant appeal, his conduct is willful and dismissal is warranted.

The Court need not reach the merits of the pending appeal, as this action is subject to dismissal for failure to prosecute. Nonetheless, the Court has reviewed the Decision and Order appealed-from, and finds no basis on the merits to disturb it.

Accordingly, the instant appeal is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 21, 2012.